IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>ISRAEL RODRÍGUEZ-ZAYAS,<br><br>**Defendant.** | CRIMINAL NO. 12-691-8 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Israel Rodríguez-Zayas's ("Defendant") *Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i); Changes in law as to Crack Cocaine Offenses, Confirmed COVID-19 Cases at Prison Placing Rodriguez-Zayas in Danger; the Extraordinary Rehabilitation by Rodriguez-Zayas; and the Fact that He is No Longer a Threat to Public Safety* (the "*Motion*"). (Docket No. 2498). The Government filed an opposition to the *Motion* (the "*Response*"), and Defendant filed a reply. (Docket Nos. 2516 and 2536, respectively). For the reasons set below, the *Motion* is **DENIED**.

Defendant's claims in his *Motion* are twofold. First, he alleges that at the time of sentencing, Count 1 carried a mandatory minimum of ten years. (Docket No. 2498 at 2-5). However, he posits that the First Step Act reduced that minimum by half, thereby

making his original sentence as to Count 1 excessive. Id. Thus, he states this warrants a sentence reduction and further posits that if sentenced today, Amendment 782 would apply and reduce the guideline range as to his Count 1 significantly. Id. at 4. Second, he avers that he is at heightened risk of contracting COVID-19 at his current facility and that he has underlying health conditions, namely, asthma, hypertension, cholesterol, severe allergic reactions, digestive disease, and undiagnosed nosebleeds, which place him in danger of getting severely sick if that were to happen. (Docket No. 2516).

### A. The Court Previously Denied Defendant's Request for Reduction Pursuant to Amendment 782

On November 12, 2014, Defendant filed a *Motion Requesting Retroactive Reduction in Trafficking Sentences Effective November 15, 2015*. (Docket No. 1649). Judge José A. Fuste issued an Order on October 13, 2015, denying the requested sentence reduction. (Docket No. 1816). Defendant appealed, and on January 13, 2017, the First Circuit affirmed the District Court's decision. (Docket Nos. 1825, 1928, 1929). Therefore, the Court need not address Defendant's claims pursuant to Amendment 782.

### B. Defendant's Medical Conditions Do Not Warrant Release

Second, while Defendant suffers from asthma and hypertension, conditions recognized by the Centers for Disease Control as linked to a higher risk of severe illness from COVID-19, Defendant's

medical record as proffered by the Government shows that his conditions are being treated by the medical staff at his facility. (Docket No. 2516-3).[1] Thus, his underlying conditions alone do not warrant his release. *See* United States v. Person, 510 F.Supp.3d 1, 2-3 (D. Mass. 2021) (denying a release request because asthma was only mild); United States v. Pacheco-Montemoino, 2022 WL 897124, at *3 (D.P.R. 2022) (denying compassionate release because defendant was receiving care and his diabetes and hypertension medicines were consistently renewed). Moreover, Defendant is further protected because he has been fully vaccinated against COVID-19. (Docket No. 2516-4). Courts generally deny motions for compassionate release when a defendant has received the COVID-19 vaccine, as it reduces the risk of infection and severe illness from COVID-19. *See* United States v. Bueno-Beltran, 2022 WL 1442008 at *3 (D.P.R. 2022) (collecting cases).

**C. The 18 U.S.C. § 3553(a) Factors Counsel Against Release**

Additionally, it is worth noting that the nature and circumstances of the offense, Defendant's history and characteristics, and the need to protect the public from further crimes all weigh against release. *See* 18 U.S.C. § 3553(a). Defendant was a leader in the drug trafficking organization who

---

[1] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 3, 2022).

would also act a drug processor, a facilitator and an enforcer that would carry firearms in relation to drug trafficking activities. (Docket No. 1536 at 11). Courts have routinely rejected similar compassionate release motions brought by defendants who were leaders in drug trafficking cases. *See* United States v. Miranda, 2021 WL 4592528, at *8 (D.P.R. 2021) (denying motion because the defendant was a danger to the community as he played a "key role" in a drug conspiracy). The Court notes that Defendant has taken steps towards his rehabilitation while incarcerated. However, rehabilitation alone is insufficient to warrant Defendant's release, particularly with his severe criminal record. *See* United States v. Sepulveda, 34 F.4th 71, 77-76 (1st Cir. 2022). Further, reducing Defendant's sentence would not reflect the seriousness of his offenses, promote respect for the law, or provide the adequate deterrence to criminal conduct required by 18 U.S.C. § 3553.

Thus, for the reasons outlined above, Defendant Israel Rodríguez-Zayas's *Motion* at Docket No. 2498 is hereby **DENIED**.

In San Juan, Puerto Rico, this 4th day of November 2022.

                                           S/ RAÚL M. ARIAS-MARXUACH
                                           United States District Judge