**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| UNITED STATES OF AMERICA <br><br> **Plaintiff** <br><br> v. <br><br> [8] ISRAEL RODRÍGUEZ-ZAYAS <br><br> **Defendant** | **CRIM NO.** 12-691-8(RAM) |

OPINION AND ORDER[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Israel Rodríguez-Zayas's ("Defendant" or "Rodríguez-Zayas") *Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A).* (Docket No. 2858). For reasons set further below, Defendant's request for compassionate release is **DENIED.**

## I.   PROCEDURAL BACKGROUND

On September 25, 2012, Mr. Rodríguez-Zayas was indicted on six counts in a six-count indictment. (Docket No. 3). Defendant plead guilty to counts one and six of the indictment, *i.e.,* conspiracy to possess with intent to distribute multiple kilograms of cocaine, heroin, and marijuana, in violation of 21 U.S.C. § 841(a)(1) ("Count 1"), and the unlawful use and carrying of firearms in relation to a drug trafficking crime, in violation of 18 U.S.C §§ 924(c)(1)(A) ("Count 6"). (Docket No. 1467). On

---

[1] Andrea Rodríguez, a rising second-year law student, assisted in the preparation of this Opinion and Order.

November 11, 2013, Defendant was sentenced to 120 months as to Count 1 and 60 months as to Count 2, to be served consecutively. (Docket No. 1544).

On August 8, 2021, Defendant filed a *Motion for Compassionate Release*. (Docket No. 2498). On November 4, 2022, the Court denied this motion. The Court held that Defendant's medical issues had not met the standard required to warrant release. (Docket No. 2630 at 3). In addition, the Court held that the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction. Id. The Court emphasized Defendant's role as the leader of a large-scale drug conspiracy as a reason for ineligibility and held that reducing Defendant's sentence would not reflect the seriousness of his offenses, promote respect for the law, or provide the adequate deterrence to criminal conduct required by § 3553. Id. at 4.

On August 8, 2025, Defendant filed another motion for Compassionate Release, arguing that his medical conditions are extraordinary and compelling, and thus warrant compassionate release. (Docket No. 2858). Defendant goes on to argue that if his medical issues alone do not meet these criteria, then the combination of his medical issues with his rehabilitative efforts do qualify him for compassionate release. Id. On September 10, 2025, the Government opposed this motion, stating that Defendant's medical conditions did not meet the necessary

burden for compassionate release and that the § 3553(a) factors weighed against Defendant. (Docket No. 2884).

## II.  APPLICABLE LAW

Ordinarily, a court may not modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). However, it may grant compassionate release to a defendant subject to certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a court may not modify a final sentence until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. Once these conditions are met, the district court must consider "the factors set forth in section 3553(a) to the extent that they are applicable," and find that there are "extraordinary and compelling reasons" warranting the requested reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also* United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021) (providing general principles for evaluating compassionate release motions).

The United States Sentencing Commission's ("USSC") policy statement on prisoner-initiated motions for compassionate release provides further direction. *See* U.S.S.G. § 1B1.13. Pursuant to First Circuit precedent, "district courts addressing such motions not only will be bound by the statutory criteria

but also will be required to ensure that their determinations of extraordinary and compelling reasons are consistent with that [policy statement's] guidance." United States v. Ruvalcaba, 26 F.4th 14, 23-24 (1st Cir. 2022). In other words, the First Circuit expects district courts "to take heed of" the new policy statement when determining whether a defendant is eligible for compassionate release. United States v. Rivera-Rodríguez, 75 F.4th 1, 18 n.22 (1st Cir. 2023).

On November 1, 2023, the USSC's policy statement on motions for compassionate release initiated by prisoners took effect. See U.S.S.G. § 1B1.13. Accordingly, the "window" in which Ruvalcaba granted district courts broad discretion has "clos[ed]." See United States v. Gonzalez, 68 F.4th 699, 704 n.2 (1st Cir. 2023) (noting the gap in guidance on prisoner-initiated motions and the then-upcoming amendments to U.S.S.G. § 1B1.13).

The policy statement outlines six circumstances that individually or in combination may constitute extraordinary and compelling reasons warranting relief: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether defendant was a victim of abuse while incarcerated; (5) "other reasons" similar in gravity to the preceding four reasons; and (6) whether the defendant received an unusually long sentence. U.S.S.G. § 1B1.13(b).

Moreover, the court must determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). The factors relevant to dangerousness consist of the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of Defendant, and the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g).

The defendant bears the burden of establishing that extraordinary and compelling reasons exist, that he is no longer a danger to the community, and that the Section 3553(a) factors favor release. United States v. Galiany-Cruz, 2023 WL 6458535, at *1 (1st Cir. 2023); United States v. Miranda-Rojas, 2023 WL 7181650, at *1 (1st Cir. 2023).

### III. ANALYSIS

**A. Defendants' medical issues do not establish the existence of extraordinary and compelling reasons warranting compassionate release.**

Pursuant to U.S.S.G. § 1B1.13 (b)(1)(B), "[m]edical and physical conditions may amount to extraordinary and compelling reasons justifying a sentence reduction" when the defendant is "suffering from a serious physical or medical condition...that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[.]"

To determine whether an inmate's condition has substantially diminished his ability to provide self-care, district courts have generally focused on an inmate's ability to perform activities of daily living. *See* United States v. Gaby, 2025 WL 4641667, at 4 (W.D. Ark. Oct. 27, 2025); *see also* United States v. Gamboa, 2024 WL 639882, at 3 (D.N.D. Feb. 15, 2024). Such activities include "walking, eating, using the toilet, getting dressed, and taking medication." *See* id.; *see also* Gaby 2025 WL 4641667, at 4.

In White v. United States, the district court held that a defendant with progressively worsening legal blindness and severe osteoarthritis did not meet the self-care standard, noting medical evidence which indicated that the defendant "d[id] not currently require assistance with his activities of daily living." 378 F. Supp. 3d 784, 786 (W.D. Mo. 2019). Likewise in United States v. Rodríguez, the district court noted that a paraplegic inmate demonstrated he was "capable of independently performing activities of daily living" and did not require assisted physical therapy. 424 F. Supp. 3d 674, 682 (N.D. Cal. 2019). The court then held that the defendant "d[id] not show the severity of deterioration in his medical condition that courts have required for compassionate release". Id. (internal quotations omitted).

Rodríguez-Zayas submits that his "conditions are disruptive to him in the prison and they serve as a prohibitor to [him]

being able to engage in self-care." (Docket No. 2858 at 16). Despite this claim, Rodríguez-Zayas does not actually explain or provide evidence of how his medical conditions prevent him from performing the daily living activities necessary for self-care. He does not specifically plead how his medical conditions prevent him from walking, eating, using the toilet, getting dressed, taking medication, or anything of the like. Defendant does not provide evidence illustrating that he requires assistance for daily living, or that he is incapable of independently performing the activities necessary for daily living. Defendant baldly states his medical conditions prohibit self-care, with no elaboration or evidence indicating how.

Even if Rodríguez-Zayas' health conditions hinder his ability to conduct self-care somewhat, and he occasionally requires the assistance of others, this would still not be enough. In United States v. Pena-Fernandez, another judge in this District held that the defendant's skin cancer did not constitute an extraordinary and compelling reason for relief because the Bureau of Prisons ("BOP") was providing appropriate medical treatment, and the defendant failed to present sufficient evidence that such treatment was inadequate. 821 F. Supp. 3d 231, 239 (D.P.R. 2026). The court also specifically noted that defendant's conditions "do not appear to be 'debilitating in the sense that he is unable to function within the confines of prison, even if this is at times inconvenient

or requires the assistance of others.'" Id., at 239 (quoting United States v. Ortiz-Cruz 2025 WL 289200, at *4 (D.P.R. Jan. 23, 2025)).

In Rodríguez-Zayas's case, the record indicates that he is receiving adequate treatment for his medical conditions. (Docket No. 2858 at 3-4). Defendant has been prescribed medication to manage his Esophageal Reflux, received special medical shoes to relieve pain from his congenital clubfoot, received surgery for his tooth eruption, and is receiving medication for his hypertension. (Docket No. 2858 at 3-4). His allergic reaction to shellfish once 5 years ago, was properly treated when he was hospitalized and given medication to alleviate his pain. (Docket No. 2858 at 5).

**B. Defendant's combination of medical issues and rehabilitative efforts do not establish the existence of extraordinary and compelling reasons warranting compassionate release.**

Under U.S.S.G. § 1B1.13, a term of imprisonment may be reduced pursuant to 18 U.S.C. § 3582(c)(1)(A) if extraordinary and compelling reasons exist. Under U.S.S.G. § 1B1.13(d) rehabilitation alone cannot be considered an extraordinary or compelling reason; but rehabilitation of the defendant, in combination with other circumstances, may be considered when determining whether a reduction in the defendant's term of imprisonment is warranted.

The policy statement explicitly lists what "other circumstances" may be taken into consideration when evaluating

if extraordinary and compelling reasons exist. If a defendant combines rehabilitation with another circumstance that is listed in § 1B1.13(b)(1)-(b)(5), the district court must consider the combination of both factors. *See* United States v. Duluc-Mendez 156 F.4th 55, 62 (1st Cir. 2025).

In United States v. D'Angelo the First Circuit held that "[b]ecause 'the whole may be greater than the sum of its parts,' district courts must 'be mindful of the holistic context of a defendant's individual case' when deciding whether the defendant's circumstances satisfy the 'extraordinary and compelling' standard." 110 F.4th 42, 48-49 (1st Cir. 2024)(quoting United States v. Trenkler, 47 F.4th 42, 49 (1st Cir. 2022).

Guidance as to what makes a combination of circumstances extraordinary and compelling can be found in Rutherford v. United States, where the Supreme Court defined extraordinary as "most unusual," "far from common," or "having little or no precedent." 146 S. Ct. 1320, 1330 (2026). The Supreme Court then went on to define compelling as "tending to convince or convert by or as if by forcefulness of evidence." Id. Together, the Supreme Court stated that that "'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." Id. The court also clarifies that although "the terms 'extraordinary' and 'compelling' leave room

for judgment, they are not so flexible as to encompass any consideration." Id. at 1332.

The cases in which district courts have previously held that the combination of medical illness and rehabilitative efforts creates an extraordinary and compelling reason are few. In United States v. Stottlar, the District Court of New Hampshire concluded that BOP's inadequate treatment of the defendant's medical conditions, considered alongside defendant's substantial rehabilitative efforts, constituted extraordinary and compelling reasons warranting compassionate release. 2026 WL 1556184 (D.N.H. June 2, 2026). The court noted that the BOP failed to communicate basic information about defendant's cancer, and that the BOP took 4 months to communicate the results of defendant's biopsy despite having the pathology report within weeks. Id., at 5. According to the District Court of New Hampshire: "[i]n the context of a serious medical condition like colon cancer, timely notice of basic information is fundamental to obtaining necessary care." Id. The court also noted how "[i]t is not every day that the court sees a defendant so dedicated to rehabilitation. [Defendant] has taken advantage of every opportunity presented to him for self-improvement, first by SCDOC, and then by FMC Devens." Id., at 8. The court went on to elaborate that "[b]y all accounts, Stottlar's time at SCDOC was unlike anything the staff members there had seen before, to the point where the Director of Programs felt compelled to write a

letter on an inmate's behalf for the first time in her career."
Id.

In Rodríguez-Zayas' case, Defendant does not meet this bar of extraordinary and compelling reasons for his combination of medical issues and rehabilitative efforts. It is true that Defendant suffers from chronic pain, but there is no indication that the chronic pain is a result of mismanagement, or that the BOP is neglecting to provide proper care for Defendant's pain and medical conditions. As previously mentioned, Defendant has been prescribed medication to manage his Esophageal Reflux, received special medical shoes to relieve pain from his congenital clubfoot, received surgery for his tooth eruption, and is receiving medication for his hypertension. (Docket No. 2858 at 3-4). Defendant does not establish that he cannot perform the basic functions related to self-care, nor that he is at active risk of death, and does not provide evidence indicating active medical neglect or mismanagement. Defendant's strongest claim, his hospitalization resulting from his allergic reaction to shellfish, was a one-time occurrence five years ago, in which he was properly hospitalized and medically treated for his condition. Id. at 5.

Defendant's rehabilitation classes also do not meet the standard of extraordinary and compelling. Unlike Stottlar, Defendant does not provide evidence that his rehabilitative efforts are novel, historic, or unique. Defendant has taken some

rehabilitative classes but does not provide evidence indicating his efforts are particularly noteworthy from other inmates. Defendant does not provide letters of recommendation from supervisors, does not indicate he took almost every opportunity for self-improvement, and does not provide any testimony indicating that he exhibited exemplary character while incarcerated.

The combination of both Defendant's medical illnesses and rehabilitative efforts does not create a situation that can be described as "most unusual," "far from common," or "having little or no precedent." *See* Rutherford, 146 S. Ct. at 1330. There is no evidence indicating that it is uncommon or unusual for inmates to have some health issues, and to take some sort of classes during their stay in prison. Rodríguez-Zayas' suffering from medical conditions and taking rehabilitative classes are not unprecedented, and there is no evidence in the record that indicates otherwise.

## C. The factors under 18 U.S.C. § 3553(a) counsel against Defendant's release

Upon a defendant's § 3582(c)(1)(A) motion, "the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that extraordinary and compelling reasons warrant the

reduction." U.S.S.G.§1B1.13(a). The relevant Section 3553(a) factors include the nature and circumstances of the offense; Rodríguez-Zayas' history and characteristics; and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant.

In United States v. Texeira-Nieves, the First Circuit affirmed the district court's ruling holding that a defendant who carried a loaded firearm to protect himself and his drug inventory during a drug-trafficking operation remained a danger to the community. 23 F.4th 48 (1st Cir. 2022). The court weighed the 3553(a) factors, and determined that although no violent conduct was charged, the seriousness of the offenses and the defendant's history and characteristics were enough to deny compassionate release. Id., at 57. The facts underlying Defendant's case parallel that of Texeira-Nieves, seeing that, Rodríguez-Zayas was also held responsible for carrying loaded firearms to protect an inventory of illegal drugs. (Docket No. 2884 at 8-10).

Most importantly, the Court already determined that Rodríguez-Zayas failed the § 3553(a) factors in his prior motion for compassionate release filed on November 4, 2022. (Docket No. 2630). The Court previously noted that "[c]ourts have routinely rejected similar compassionate release motions brought by

defendants who were leaders in drug trafficking cases." Id., at 3. The court also found that "Defendant's sentence would not reflect the seriousness of his offenses, promote respect for the law, or provide the adequate deterrence to criminal conduct required by 18 U.S.C. § 3553." Id. For these same reasons, the § 3553(a) factors weigh against the Defendant, making him ineligible for early release.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Israel Rodríguez-Zayas's *Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A)* at Docket No. 2858 is hereby **DENIED**.

In San Juan, Puerto Rico, this 23rd day of July 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge